UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY MOSER, a single man, and
MATTHEW MOSER, a single man,

Plaintiffs,

v.

PIERCE COUNTY, a municipal corporation,
KENNETH D. FRIERMUTH, an individual,

Defendants.

Case No. C04-5239KLS

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS
MOTION FOR SUMMARY JUDGMENT

Pierce County and Kenneth D. Friermuth filed a motion for summary judgment of dismissal as to the plaintiffs' 42 U.S.C. § 1983 claims.

The court considered the following pleadings filed by the defendants: Motion and Memorandum in Support of Defendants' Motion for Summary Judgment, with attached Exhibits; Declaration of Mike Larsen in Support of Defendants' Motion for Summary Judgment; Declaration of David Stewart in Support of Defendants' Motion for Summary Judgment; Declaration of Ronald L. Williams in Support of Defendants' Motion for Summary Judgment; Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; and Declaration of Ronald L. Williams in Support of Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment.

Order Regarding Summary Judgment
Page - 1

The court considered the following pleadings filed by the plaintiffs: Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Declaration of Lincoln C. Beauregard in Support of Plaintiffs' Opposition to Motion for Summary Judgment; Declaration of Dr. Gilbert Kliman in Support of Plaintiffs' Opposition to Motion for Summary Judgment; and Declaration of Dr. Alvin W. Cohn in Support of Plaintiffs' Opposition to Motion for Summary Judgment.

**Facts:** This claim arises from a rape of the plaintiff, Matthew Moser, which occurred on February 5, 2003, while he was a pre-trial detainee in the Pierce County Detention and Corrections Center (PCDCC). The assailant, David Nelson, was also a pre-trial detainee at the time of the rape. Mr. Nelson has been convicted of the rape and sentenced.

The only individual named in the plaintiffs' Amended Complaint for Damages is Kenneth D. Friermuth. Dkt. #12   The amended complaint is not a model of clarity but it can be inferred that the basis for the § 1983 claim, as it relates to Officer Friermuth, is that he was deliberately indifferent to the safety of Matthew Moser. Plaintiffs allege that Officer Friermuth "was responsible for ensuring that Matthew Moser and Marshall Nelson's cell classifications were properly noted and evaluated in order to avoid creating toxic cell combinations." Amended Complaint for Damages, Paragraph V.  In particular, the plaintiffs allege that Officer Friermuth's "own testimony evidences a deliberate indifference to properly completing his inmate classification duties to provide for Matthew's safety."  Amended Complaint for Damages, Paragraph V.  However, at page 3 in their Opposition to Defendants' Motion for Summary Judgment, the plaintiffs allege that "Officer Kenneth Friermuth was personally aware of the dangers posed by Mr. Nelson and the susceptibleness of Mr. Moser, but deliberately and indifferently decided to house the two inmates in a cell together despite the obvious danger."  Inasmuch as this is procedurally a summary judgment motion, the court will assume that Officer Friermuth was responsible for the placement decision. This assumption is contrary, however, to the information contained the the Defendant's Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment which states that the actual placement decision was made by Officer Stephen A. MacKenn, an individual who is not a party to the litigation.

The § 1983 claim against Pierce County appears to be based on the claim that the injury sustained by Matthew Moser was the result of a county policy or custom. *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**Law:** A 42 U.S.C. § 1983 claim requires the plaintiffs to prove (1) that a **person** acting under color of state law (2) committed an act that deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy,* 844 F.2d 628, 632-33 (9th Cir. 1988)(emphasis added).  It is undisputed that Officer Friermuth was acting at all times within the scope of his employment as a classifications officer for Pierce County Detention and Corrections Center and was, therefore, acting under color of state law.

The disputed issue presented to this court is whether Mr. Friermuth committed acts that deprived Mr. Moser of a federally protected right.  In this instance, the federally protected right is his constitutional right to personal security under the due process clause of the fourteenth amendment." *Redman v. County of San Diego,* 942 F.2d 1435 (9th Cir. 1990).  Contrary to the argument made by Pierce County, the Eighth Amendment is not applicable as Mr. Moser was not "convicted" of a crime at the time he was housed within the PCDCC.  This distinction, however, makes little difference regarding the appropriate legal analysis.

It is also clear that something more than "mere negligence" must be shown in order to recover. *Redman, supra,* at p. 1440.  In *Redman*, the Ninth Circuit held that "deliberate indifference is the level of culpability that pretrial detainees must establish for a violation of their personal security interests under the fourteenth amendment."  *Redman, supra,* at p. 1443.

The United States Supreme Court defined "deliberate indifference" in *Farmer v. Brennan,* 511 U.S. 825, 837-838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994):

> We hold instead that a prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of confinement unless the
> official knows of and disregards an excessive risk to inmate health or safety;
> the official must both be aware of facts from which the inference could be drawn
> that a substantial risk of serious harm exists, and he must also draw the inference.
> . . . An act or omission unaccompanied by knowledge of a significant risk of
> harm might well be something society wishes to discourage, and if harm does
> result society might well wish to assure compensation. . . . But an official's
> failure to alleviate a significant risk that he should have perceived but did
> not, while no cause for commendation, cannot under our cases be condemned
> as the infliction of punishment.

Although the discussion was presented in the context of an eighth amendment violation, the definition applies to the determination of "deliberate indifference" in an analysis of due process rights as protected under the fourteenth amendment.

Order Regarding Summary Judgment
Page - 3

**Facts:** The allegations raised by the plaintiffs require this court to make a detailed analysis of the evidence in order to determine, for purposes of this motion, what Officer Friermuth knew. While the plaintiffs provided the court with a complete copy of Officer Friermuth's deposition (Exhibit D to the Declaration of Lincoln C. Beauregard), the plaintiffs never once referenced any portion of the deposition in their briefing. It is, therefore, unclear as to why the deposition was even provided as the court will only consider the portions of a deposition as designated by a party.

The defendants did cite to Officer Friermuth's deposition. Based on those specific citations, it is undisputed that Officer Friermuth knew at the relevant time that David Nelson was not "exhibiting any type of aggressive behavior. His behavior log was, quite frankly, pretty flawless. So he was behaving himself." (Exh. 8, page 14, lines 9 - 12, to the Declaration of Ronald L. Williams). It is also undisputed that a rape occuring within the PCDCC, to Officer Friermuth's knowledge, "is such a rare incident in our custody, at least to my knowledge, in the 20 years that I've been there." (Exhibit 8, page 20, lines 21-22, to the Declaration of Ronald L. Williams).

The plaintiffs also allege that Officer Friermuth should have put more information into the behavioral logs of Mr. Nelson and Mr. Moser to put people on notice that it would be inappropriate to cell the two pre-trial detainees together. In support of this, reference is made to PCDCC Mental Health Screening Report dated December 11, 2002 (Exhibit 8 to Declaration of Lincoln C. Beauregard). This document has two sections. One is titled "Mental/Behavior Concerns" and the second is "Management Suggestions." In the first section, a notation is made by Ann M. Elek, a mental health professional, as follows: "Stabilized since moved from 3WB - (which . . . when 3WA being renovated) Vulnerable, DD & Young." In the second section under "Management Suggestions" the notation is as follows: "Put between gates. Contact MHP." It is undisputed that none of this information was placed in Mr. Moser's behavioral log. See Exhibit 18 to Declaration of Lincoln C. Beauregard.

On December 15th, the date Mr. Nelson was booked into the PCDCC, December 16th and 17th Officer Friermuth reviewed and logged into Mr. Nelson's behavioral log some of the information contained in the three PCDCC Mental Health Screening Reports. (Exhibits 24, 17 and 25 (Mental Health Screening Reports) and 22 (David Nelson's behavioral log)). The plaintiffs allege that Officer Friermuth was deliberately indifferent to the safety of Matthew Moser when he decided which pieces of information

Order Regarding Summary Judgment
Page - 4

contained in the Mental Health Screening Reports should be included in the behavioral logs.

**Discussion:** In order to show "deliberate indifference," the plaintiff must show that Mr. Friermuth's "state of mind" was such as to cause him to be deliberately indifferent to the safety of Mr. Moser. They have failed to do that. While it is easy to criticize, based on 20/20 hindsight, that additional information should have been included in the behavioral logs of both Matthew Moser and David Nelson, the plaintiffs have presented no evidence to suggest or even infer that Officer Friermuth's knowledge is of the level required under *Farmer*. The "deliberate indifference" standard is meant to be higher than that of negligence. This court cannot conclude, on the evidence presented, that Officer Friermuth was aware of facts from which an inference could be drawn that a substantial risk of serous harm exists and that he also reached that conclusion when he determined what information to place into the behavioral logs.   With regard to the cell placement decision, and for purposes of this summary judgment motion, assuming that Officer Friermuth made the placement decision, nothing was presented to suggest that the placement was done with the knowledge or awareness of facts that such placement would cause injury to Matthew Moser and that the placement decision was made with that conclusion in mind. In fact, David Nelson was admitted to the PCDCC on December 15, 2002. The rape of Matthew Moser occurred on February 5, 2003. During that period of time Officer Friermuth was not aware of any incidents of violence involving David Nelson nor was he aware of any threats having been made by David Nelson against any other inmates. He was, according to Officer Friermuth's words, "behaving himself." To Officer Friermuth's knowledge, rape between inmates was "a very rare incident" in the 20 years he had been with the PCDCC. This court concludes that the defendants' motion to dismiss the 42 U.S.C. § 1983 against Kenneth Friermuth should be **GRANTED.**

However, in their response to the defendant's motion for summary judgment, the plaintiffs raise factual issues regarding the policy, or lack of policy, of the PCDCC which they allege was a cause of Mr. Moser's injury and violation of his due process rights. For example, they allege that had there been proper training that more information would have been included in the behavioral logs which would have put a classification officer on notice that it would be inappropriate and unsafe to place David Nelson and Matthew Moser in the same cell. This is a question of fact which must be determined by the jury. Therefore, this court **DENIES** the defendant's motion to dismiss the Section 1983 claims against Pierce

1  County.

2                                         DATED this 6th day of May, 2005

3

4                                         /s/ Karen L. Strombom
                                          Karen L. Strombom
5                                         U.S. Magistrate Judge