UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY MOSER, a single man, and<br>MATTHEW MOSER, a single man,<br><br>Plaintiffs,<br><br>v.<br><br>PIERCE COUNTY, a municipal corporation,<br>KENNETH D. FRIERMUTH, an individual,<br><br>Defendants. | Case No.  C04-5239KLS<br><br>ORDER DENYING MOTION FOR EXAMINATION |

Pending before this court is the defendant's Motion for Examination. Dkt. 30. The plaintiffs have filed their response. Dkt. 36 and 37. For the reasons stated below, the court is denying the defendant's motion.

This matter was removed to Federal Court on April 26, 2004. Plaintiffs' Complaint for Damages as well as their First Amended Complaint for Damages alleged that the plaintiff Matthew Moser suffered "severe and ongoing psychological damage and harm." Dkt. 1. The defendants have, therefore, known of a claim involving psychological harm since January 2004.

Once the matter was removed to federal court and the case assigned to the undersigned, this court issued a minute order on September 7, 2004 setting pretrial dates and ordering mediation. The parties were required, by court order, to disclose expert witnesses by December 15, 2004. This court understands

1  that the parties agreed to extend that date.  The extension of the disclosure date is not an issue.  The court
2  also ordered all discovery due by February 13, 2005.

3      The defendants now wish to have the plaintiff undergo a psychological examination by an expert
4  in order to address the issue of psychological injury.  A ten day jury trial is scheduled to commence June
5  13, 2005.  It would be unfair and prejudicial to the plaintiffs to allow an examination by an expert witness
6  three months after the discovery cut-off date and less than a month from the trial date.  The court is very
7  much aware of the fact that an examination, preparation of a report by the expert, review of the report by
8  plaintiffs' counsel, consultation with the plaintiffs' expert and finally a discovery deposition of the defense
9  expert is time consuming.  This last minute flurry of activity takes away from an orderly preparation of a
10  case for trial and is prejudicial to the plaintiffs.

11      It appears that the defendants were contemplating retention of an expert witness related to the
12  plaintiff's psychological claims.  It is not clear, however, that an expert was actually retained prior to the
13  discovery cut-off.  Also, no timely motion was made to extend the discovery cut-off deadlines.

14      For the reasons set forth, the defendants' motion for examination is denied.

15                           DATED this 23rd day of May, 2005

17                           /s/ Karen L. Strombom
                             Karen L. Strombom
18                            U.S. Magistrate Judge